IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK12-42667-TJM |
| | ) | |
| NAVARONE A. SUMMERS, | ) | CH. 13 |
| | ) | |
| Debtor(s). | ) | |

ORDER

      Hearing was held in Lincoln, Nebraska, on March 13, 2013, regarding Fil. #7, Chapter 13 Plan, filed by the debtor, and Fil. #13, Objection to Confirmation of Plan, filed by Wymore State Bank. David Lepant appeared for the debtor and Paul Douglas appeared for Wymore State Bank.

      The debtor has filed a Chapter 13 plan which provides for payment of a debt to the Wymore State Bank which is secured by a 2006 automobile and by a judicial lien on real estate located in Nebraska. The plan proposes to pay post-confirmation interest at the rate of 5.25%, which is in compliance with the local rules. However, the contract rate is 8.5%.

      The bank has objected to the plan and insists that it is appropriate for the debtor to pay the contract rate of 8.5% post-confirmation.

      Although it is generally appropriate for a Chapter 13 debtor to pay the formula rate provided for in the local rules, under some circumstances the formula rate is not sufficient. There are various factors to consider in determining the appropriate risk adjustment percentage. These factors include the time value of money, risk of non-payment, and inflation. In re Riverbend Leasing LLC, 458 B.R. 520, 535 (Bankr. S.D. Iowa 2011). The court must evaluate these factors in light of the circumstances of the estate, the nature of the security, and the duration and feasibility of the reorganization plan. Till v. SCS Credit Corp., 541 U.S. 465, 479 (2004).

      In this case, on the petition date and thirty days later, when the plan payments should have started, the debtor had no job and could not make even the first payment. Even though he now has a job, the trustee has received nothing from an employer deduction as of March 7, 2013.

      The security for the debt includes a seven-year-old car and a judicial lien on certain real estate. It appears the value of the real estate exceeds the amount of the debt, but foreclosure of the lien, if the debtor's case is dismissed for default under the plan, will be subject to delays similar to pre-petition actions and also subject to a future bankruptcy.

      Under these circumstances, including the $5,000.00 delinquency on the petition date, failure to pay pursuant to the terms of the Chapter 13 plan, and the risk of delay and incurrence of additional attorney fees and costs through a land foreclosure, plus the possibility of a second bankruptcy filing during the pendency of a foreclosure case, the risk to the bank is significant.

      THEREFORE, IT IS ORDERED that the bank's objection (Fil. No. 13) is granted. The plan must be amended to provide that post-petition interest should accrue at the contract rate of 8.5% instead of the local rule rate of 5.25%. The pre-confirmation rate is the contract rate.

      DATED:      March 14, 2013

                                          BY THE COURT:

                                          /s/ Timothy J. Mahoney
                                        United States Bankruptcy Judge

Notice given by the Court to:
   David Lepant
   *Paul Douglas
   Kathleen Laughlin

* Movant is responsible for giving notice to other parties if required by rule or statute.